UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ERIKA RENEE BRADY, | ) | CASE NO.: 1:12CV2175 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on objections filed by Plaintiff Erika Renee Brady to the Report and Recommendation ("R&R") of the Magistrate Judge. This action was referred to the Magistrate Judge for an R&R on Brady's Appeal of the Social Security Administration's decision to deny her request for disability insurance benefits and supplemental security income. On May 7, 2013, Magistrate Judge Limbert issued his R&R recommending that the Commissioner's decision be affirmed.

For the reasons stated below, the objections are OVERRULED. The R&R is adopted in whole and the decision of the Commissioner is hereby AFFIRMED.

I.  **Standard of Review**

District courts conduct *de novo* review of those portions of a magistrate judge's R & R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable

mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

## II. Brady's Objections

In her first objection, Brady contends that the R&R erred when it found that there was substantial evidence to support the residual functional capacity ("RFC") utilized by the administrative law judge. Specifically, Brady raises the precise argument rejected by the R&R, namely that the RFC allowance for bathroom breaks only every two hours was in direct conflict with the medical evidence relied upon by the ALJ. The Court finds no merit in this argument.

In evaluating the medical evidence, the ALJ noted as follows:

> However, the undersigned has reviewed the October 27, 2010 [questionnaire] completed by Dr. Roe that noted her "intermittent" symptoms of mild and "crampy" lower abdominal pain, chronic diarrhea, nausea, and rectal bleeding mandating a job that permits her "ready access to a restroom" and "variable" unscheduled restroom breaks. … Significant weight is given to Dr. Roe's opinion because it is consistent with his treatment notes and the longitudinal medical evidence but also because it properly notes the variability of her required restroom breaks with her flare-ups of Crohn's disease.

Brady contends that since the ALJ gave significant weight to Dr. Roe's opinion, he was later precluded from determining that she only needed restroom breaks every two hours. In resolving this issue, the R&R notes:

> First, it is important to note that Dr. Roe did not answer any of the questions regarding bathroom breaks with specificity. He provided no explanation regarding the frequency or length of the bathroom breaks Plaintiff would require during a flare-up or when Plaintiff's Crohn's disease is well controlled. Therefore, Plaintiff's alleged need for more frequent bathroom use is based entirely on her own subjective complaints, which the ALJ found not credible. Tr. 25, 30. A claimant's own description of her impairments and symptoms, standing alone, is never sufficient to establish an impairment. 20 C.F.R. §§ 404.1528(a), 416.928(a). The ALJ ultimately found that the medical evidence does not establish that Plaintiff

> would need unlimited bathroom breaks more than every two hours for ten minutes at a time, would miss three days of work each month, or would be off task fifteen percent or more of the time. Tr. at 29. Additionally, the ALJ noted that Plaintiff's continued work activity while attending school and starting a family showed that she did not require bathroom breaks as frequently as she alleged. Tr. at 29.
>
> Moreover, Dr. Roe's statement that Plaintiff requires "variable" bathroom breaks could refer to the fact that her need for bathroom breaks will vary depending upon whether she is experiencing a flare-up. The record establishes that Plaintiff's Crohn's disease occasionally flares, but does not support the conclusion that Plaintiff's bathroom use precludes all full-time employment. A review of the record demonstrates that Plaintiff has experienced sustained periods of relief from her Crohn's symptoms since her alleged onset date, as well as periods when she was only mildly symptomatic.

Doc. 21 at 13.  Brady contents that "what requires reversal or remand, is the lack of a narrative discussion describing how the evidence supports the ALJ's finding that Plaintiff will not require a bathroom break outside of regular breaks during the workday."  However, in so arguing, Plaintiff ignores that the ALJ thoroughly analyzed this precise issue, noting that "the claimant's medical treatment record with these many physicians includes sufficient evidence that her prescribed treatment significantly improves her functioning and helps control her symptoms far beyond the extent of her allegations."  The ALJ then proceeded on to explain the specific medical records that demonstrated that with her proper treatment and a low stress level, Brady was able to consistently reduce the flare-ups of her Crohn's disease.  As such, the R&R properly concluded that there existed substantial evidence to support the ALJ's determination that Brady only needed ready access to a restroom as needed, "quantified at every two hours."  The objection is overruled.

Brady next contends that the R&R failed to analyze her contention that the ALJ improperly rejected the opinion of Dr. Mahajan.  It is unclear to the Court the basis for the contention that Dr. Mahajan's opinion was rejected.  Similar to Dr. Roe, Dr. Mahajan's notes indicate that Brady will need to use the restroom as needed.  Similarly, as described above, the ALJ properly relied upon the totality of the medical evidence and Brady's testimony to determine how often Brady would

need access to a restroom.  Nothing about the ALJ's conclusion on that issue served to reject Dr. Mahajan's opinions.  Accordingly, this objection also lacks merit.

Finally, Brady contends that the R&R erred when it concluded that the ALJ committed no error in declining to seek a medical expert on the issue of equivalency.  In that regard, the objections highlight no alleged error within the R&R.  Instead, they reiterate once again that a singular sentence by the ALJ compelled the use of a medical expert.  The ALJ at one point stated:

> I will tell you, looking at it, I do not see where the claimant meets a listing, and as you know, to find equivalency, I have to have an opinion of a Medical Expert. I may send this for interrogatories to ask about that because if each impairment on its own does not satisfy the applicable section, but there's no doubt – there's no doubt that obviously the claimant has very significant impairments.

Brady has failed to demonstrate that this isolated statement somehow mandates the use of a medical expert. Moreover, the R&R properly analyzed the ALJ's decision that reviewed the entirety of the medical evidence and found that Brady had failed to demonstrate that her impairments equaled a listing.  Accordingly, this final objection is also overruled.

### III. Conclusion

Brady's objections are OVERRULED.  The Magistrate Judge's Report and Recommendation is ADOPTED.  The judgment of the Commissioner is AFFIRMED.

IT IS SO ORDERED.


Dated: June 6, 2013                                            /s/ John R. Adams
                                                                           JUDGE JOHN R. ADAMS
                                                                           UNITED STATES DISTRICT JUDGE